[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12085
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2011
JOHN LEY
CLERK

D. C. Docket No. 03-00054-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO A. LINARES,
a.k.a. Edgar,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 29, 2011)

Before EDMONDSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Sergio A. Linares a/k/a "Edgar" appeals his 121-month total sentence,

imposed at the low end of the applicable guideline range, after pleading guilty to one count of possession with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii) and 18 U.S.C. § 2. On appeal, Linares argues that the district court erred in denying a reduction in his offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, even though the court imposed a two-level obstruction of justice enhancement.

We review the district court's determination per U.S.S.G. § 3E1.1 for clear error. *United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005). Because the district court's determination regarding a defendant's acceptance of responsibility is entitled to great deference, we will not set aside the district court's decision that a defendant is not entitled to a downward reduction for acceptance of responsibility unless the record clearly establishes that the defendant accepted responsibility. *Id.* at 1022-23.

The district court did not clearly err in finding that Linares was not entitled to a downward reduction for acceptance of responsibility. Although Linares pled guilty, he had absconded for more than five years prior to making that guilty plea, and he admitted at the sentencing hearing that part of his remorse was that he had been caught after absconding. The district court could reasonably determine that Linares's conduct between his indictment and his return to custody was not

2

consistent with acceptance of responsibility.

Furthermore, the district court did not plainly err in determining that Linares was not entitled to an acceptance of responsibility reduction. Although the district court did state that Linares would be entitled to an acceptance of responsibility reduction, the court did not calculate Linares's applicable guideline range at the hearing or then determine what sentence Linares would receive. The plea agreement made clear that the court was not bound by the government's recommendations regarding any sentencing recommendations and, in fact, could reject those recommendations, including the recommendation regarding a three-level reduction for acceptance of responsibility.

**AFFIRMED.**